## UNITED STATES DISTRICT COURT OF MINNESOTA

| | |
|---|---|
| Brad J. Montagne,<br>Teri Montagne<br>   Plaintiffs<br><br>v.<br><br>Joan N. Ericksen ,<br>Richard A. Wallin<br>           Defendants | ) CASE NO. 11cv 1540  ADM/LIB<br>)<br>)<br>) CLAIM FOR TRESPASS AND<br>)<br>)  TRESPASS ON THE CASE<br>) VERIFIED<br>)<br>) |

### FIRST CAUSE OF ACTION –TRESPASS
### PARTIES

1.  Brad J. Montagne  and Teri L.Montagne,(hereinafter "Plaintiffs") are each one of the

    people of Minnesota, and in this court of record complains of Joan N. Ericksen

    (hereinafter "Defendant A") and Richard A. Wallin, (hereinafter "Defendant B"), who are

    summoned to answer the said Plaintiffs in a plea of trespass and trespass on the case, to

    wit:

### INTRODUCTION

SCANNED

JUN 1 0 2011

U.S. DISTRICT COURT DULUTH

2. Defendants have conspired to deny Plaintiffs constitutionally guaranteed due process by using sham legal process[1] in an inferior court[2] that is wanting of jurisdiction[3] in a previous case. Plaintiffs had filed suit in the jurisdiction of a Court of Record[4], which proceeds in a different jurisdiction than does the District Court, the former being bound by the common law[5], the latter by statutory law[3].

---

[1] **O.R.C. 2921.52** (A) As used in this section: (4) "Sham legal process" means an instrument that meets all of the following conditions: (a) It is not lawfully issued. (b) It purports to do any of the following: (i) To be a summons, subpoena, judgment, or order of a court, a law enforcement officer, or a legislative, executive, or administrative body. (ii) To assert jurisdiction over or determine the legal or equitable status, rights, duties, powers, or privileges of any person or property. (iii) To require or authorize the search, seizure, indictment, arrest, trial, or sentencing of any person or property. (c) It is designed to make another person believe that it is lawfully issued.

[2] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

[3] . But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[4] COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:..."Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426]"
     1. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426]
     2. Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426]
     3. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231]
     4. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426]
     5. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426]

[5] :..."Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426]"

3.  Courts proceeding by statutory law are special inferior courts with limited jurisdiction[2], as opposed to Courts of Record which are bound by the record of the court in that particular case, the judgments[6] of which are of superior jurisdiction.

4.  Plaintiffs chose to file suit as one of the people in a constitutional court of record[7]. Article 6 binds the judges of this land to the strict adherence of the Constitution.[8] Defendant A did not proceed according to this constitutional requirement, denying Plaintiffs a lawful court, perpetrating by fraud[9] her claim of status as above the constitutional court under the color of law.

5.  Defendant A has acted in palace rebellion, conspiring with Defendant B in contemptuous actions of defiance toward the Court of Record. Defendant A has taken it upon herself to assume the mantel of Tribunal, absent leave of the court, and invoke a special inferior court of limited jurisdiction to issue orders that are in opposition to a matter that is Res Judicata in a superior jurisdiction of a Court of Record.

6.  Defendant B has acted in conspiring with Defendant A, contemptuously ignoring the judgment of the superior court to deprive Plaintiffs of the guaranteed rights to life, liberty, and the pursuit of happiness. Defendant B has proceeded to attempt to deprive Plaintiffs of property.

---

[6] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny. 55 Cal. 212.

[7] U,S, Constitution, Amendment 7

[8] This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding. U,S, Constitution, Article 6

[9] Fraud in its elementary common law sense of deceit-and this is one of the meanings that fraud bears [483 U.S. 372] in the statute. See *United States v. Dial*, 757 F.2d 163, 168 (7th Cir1985) includes the **deliberate concealment of material information in a setting of fiduciary obligation**. A public official is a fiduciary toward the public, ... and if he deliberately conceals material information from them, he is guilty of fraud. *McNally v United States* 483 U.S. 350 (1987) [Emphasis added]

SPECIFICS

7.  The Court of Record entered judgment into the record according to the record of the case Montagne v. Wallin & Mitchell and presented that judgment to the District Court on or about March 4. 2011. Exhibit A

8.  On or about March 7, 2011, Defendant A, in open defiance to the Court of Record assumed the mantel of Tribunal without leave of the court and entered Order Civil No. 10-4515 (JNE/LIB) in the District Court. Exhibit B

9.  The order contains the caption Judge, United States District Court after the printed name of Joan N. Ericksen in place of the signature.

10. The United States District Court is a court of special statutory jurisdiction, not proceeding in accord with the common law[10], and is hence a court of inferior jurisdiction.[11]

11. Defendant A holds the title of Judge in the District Court, but her position in the Court of Record is that of Magistrate.[12, 13,11]

12. The Magistrate is an officer of the court with limited powers independent of the Tribunal.[12]

---

[10] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

[11] But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court. 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[12] A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426]

[13] MAGISTRATE, mun. law. A public civil officer, invested with some part of the legislative, executive, or judicial power given by the constitution. A LAW DICTIONARY ADAPTED TO THE CONSTITUTION AND LAWS OF THE UNITED STATES OF AMERICA AND OF THE SEVERAL STATES OF THE AMERICAN UNION by John Bouvier Revised Sixth Edition, 1856

.[11] The following persons are magistrates: ...The judges of the superior courts.... [California Penal Code, Sec. 808.]

[12] A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc.

13. Court is defined as the person and suit of the sovereign. [13]

14. Defendant A has no leave of the court to access the position, function or title of the Tribunal.

15. On or about March 16, 2011 the Court issued a Writ of Error rescinding Defendants Order JNE/LIB, dated March 7, 2011 to restore the decorum of the Court of Record.

16. On or about April 26, 2011, Defendant A issued another Order Civil No. 10-4515 (JNE/LIB). Exhibit C

17. On or about April 28, 2011 the Court issued a Writ of Error rescinding Defendants Order JNE/LIB, dated April 26, 2011 to restore the decorum of the Court of Record. Exhibit D

18. On or about May 9, 2011, Richard A. Wallin resumed pursuit of illegal collection actions against Plaintiffs property with an assumed authority derived from Defendant A's sham legal process, despite the fact that Plaintiffs record is clearly deficient of all legal requirements to give Defendant B the authority to do so. Exhibit E

19. On or about May 18, 2011, Defendant A issued a third Order Civil No. 10-4515 (JNE/LIB) directing the clerk to alter the record of the court and return filings to Plaintiffs.  Exhibit F

## COUNT 1 OF CAUSE OF ACTION

## TRESPASS

19. Paragraphs 1 through 18 of CAUSE OF ACTION are included by reference as though fully stated herein.

---

Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406. 155 N.E. 688. 689: Black's Law Dictionary, 4th Ed., 425, 426]

[13] Black's Law Dictionary, 4th Ed., 425, 426  COURT: ...INTERNATIONAL LAW
The person and suit of the sovereign; the place where the sovereign sojourns with his regal retinue, wherever that may be. ....

20. By right, Plaintiff reasonably expects to proceed without injury, secure in his pursuit of life, liberty, and the pursuit of happiness.

21. Defendants-A and B all have a legal duty to use due care and not cause an injury to Plaintiffs.

22. Defendants-A and B breached that duty by proximately, under color of law, and directly, causing the injuries to Plaintiff.

23. The damages claimed are all a result of the injuries.

## COUNT 2 OF CAUSE OF ACTION

## TRESPASS ON THE CASE

### NEGLIGENCE

24. Paragraphs 1 through 23 of CAUSE OF ACTION are included by reference as though fully stated herein.

25. By right, Plaintiff reasonably expects to proceed without injury, secure in his secure in his pursuit of life, liberty, and the pursuit of happiness.

26. Defendants-A and B have a legal duty to use due care and yield to the purpose of the law to Plaintiffs.

27. Defendants-A and B breached that duty by not yielding to the law, proximately or legally, and directly, causing the injuries to Plaintiff.

28. The damages claimed are all a result of the injuries.

## THIRD CAUSE OF ACTION – TRESPASS ON THE CASE
### VICARIOUS LIABILITY

29.  Paragraphs 1 through 28 of FIRST CAUSE OF ACTION are included by reference as though fully stated herein.

30.  Power is never without responsibility. And when authority derives in part from Government's thumb on the scales, the exercise of that power by private persons becomes closely akin, in some respects, to its exercise by Government itself.

31.  The purpose of imposing vicarious liability is to insure the costs of injuries resulting from defective actions are placed on the source of the actions and others who make the actions possible rather than on injured persons who are powerless to protect themselves. For a defendant to be vicariously liable it must play an integral and vital part in the overall production and promotion activity so that the actor is in a position to affect others or, at the very least, it must provide a link in the chain of exposing the ultimate victim to the actor. The vicariously liable defendant must be in the business of controlling, leasing, bailing, or licensing the actors.

32.  Each defendant is an agent of the other, and each has his place in the chain of exposing plaintiffs Montagne to the actors.  Each defendant is vicariously liable for each instance of injury to plaintiff.
### LAW OF THE CASE – Exhibit G

### SIMPLEX DICTUM

33. Power is never without responsibility. And when authority derives in part from Government's thumb on the scales, the exercise of that power by private persons becomes closely akin, in some respects, to its exercise by Government itself.

For that cause of action therefore Plaintiff brings his suit.

PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

On all counts:

34. For removal of liens as referenced in CV 10-4515.

35. For removal of Levy.

36. For general damages to the sum of $1,000,000;

37. For 4,000 hours of legal research at $250/hour, $1,000,000;

38. For interest as allowed by law;

39. For costs of suit incurred and attorney's fees; and

40. Replevin: restitution of seized accounts.

41. For Malice, treble (3X) all damages as listed above.

42. For such other and further relief as the court may deem proper.

43. I declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

On this 8th day of June, 2011

_____
Brad J Montagne

_____
Teri L. Montagne