UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brad J. Montagne and Teri L. Montagne, ) | Case No. 0:11-cv-01540 (RRE) |
| Plaintiffs, ) | |
| ) | **ORDER GRANTING DEFENDANTS'** |
| -vs- ) | **MOTIONS TO DISMISS** |
| ) | |
| Joan N. Ericksen, United States District ) | |
| Court Judge, and Richard Wallin, ) | |
| ) | |
| Defendants. ) | |

## BACKGROUND

In 2010, Plaintiffs filed an action against R.A. Mitchell and Richard Wallin, revenue officers for the Internal Revenue Service assigned to collect federal income taxes owed by Plaintiffs (Case. No. 0:10-cv-4515). In the action, Plaintiffs sought removal of IRS liens, removal of a levy, and general and special damages exceeding $1,000,000.00 The magistrate judge assigned to the case issued a Report and Recommendation, recommending the complaint be dismissed for lack of subject matter jurisdiction. In the Report and Recommendation, the magistrate judge noted "Plaintiffs' arguments are 'reminiscent of tax-protester rhetoric that has been universally rejected by this and other courts'" and declined to "painstakingly address each of Plaintiffs' claims 'with somber reasoning and copious citation of precedent; to do so might suggest that these argument have some colorable merit.'" (Doc. #33, p. 10, fn.1). The Honorable Joan N. Ericksen, United States District Court Judge, adopted the Report and Recommendation and dismissed Plaintiffs' complaint for lack of subject matter jurisdiction.

Plaintiffs filed this subsequent action, alleging similar "tax-protester rhetoric" and adding

1

conclusory allegations that Judge Ericksen conspired with Agent Wallin and lacked the power to issue orders in his case. Pursuant to 28 U.S.C. § 292(b), the case was reassigned to the undersigned for consideration (Doc. #8).

Agent Wallin filed a motion to substitute the United States as the named defendant and to dismiss for lack of jurisdiction (Doc. #20). Judge Ericksen filed a motion to dismiss and, alternatively, for summary judgment on the ground that the claims are barred by absolute immunity (Doc. #16). Along with various other submissions, Plaintiffs have filed several motions, including a motion to take judicial notice (Doc. #9); a motion to quash, a motion for default judgment, and a motion for summary judgment (Doc. #25); a motion for Writ of Error Quae Coram Nobus (Doc. #39); a motion for judgment (Doc. #40); and a motion for contempt (Doc. #42). The Court held a hearing on the motions on November 8, 2011. The Court, having carefully considered the claims and arguments of the parties, now issues this memorandum opinion and order.

## ANALYSIS

1. **Agent Wallin's Motion to Substitute Party**

Lawsuits against an agency of the United States or against an officer of the United States in his or her official capacity are considered suits against the United States. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Agent Wallin is an IRS employee assigned to collect federal income taxes owed by Plaintiffs. Plaintiffs allege on or about May 9, 2011, Agent Wallin "resumed pursuit of illegal collection actions against Plaintiffs [sic] property with an assumed authority derived from [Judge Ericksen's] sham legal process . . ." (Doc. #1, p. 5). Plaintiffs have sued Agent Wallin in his official capacity as a tax collector. Any conceivable relief could

only be provided by the United States. The United States is the proper defendant. Defendant Wallin's motion to substitute party (Doc. #20) is **GRANTED**. Agent Wallin, as a party, is dismissed with prejudice and the United States is substituted as the proper party.

2.   **The United States' Motion to Dismiss**

The United States may not be sued without its consent, and the terms of that consent must be "unequivocally expressed." United States v. Mitchell, 445 U.S. 535, 538 (1980). Plaintiffs have failed to point to any statute or case law indicating the United States has waived sovereign immunity for the claims they now allege. The Court has reviewed possible statutory provisions that could confer jurisdiction, such as the Federal Torts Claims Act, 28 U.S.C. § 2671 et seq., 26 U.S.C. § 7422 (civil actions for refund), 26 U.S.C. § 7426 (civil actions by persons other than taxpayers), 26 U.S.C. § 7433 (civil damages for certain unauthorized collection actions), 26 U.S.C. § 7432 (civil damages for failure to release lien), and finds that none of them provide jurisdiction under the circumstances of this case.

Moreover, the Anti-Injunction Act ("AIA") provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).[1] Plaintiffs indisputably bring this suit for the purpose of restraining the assessment of collection of income taxes. The AIA applies to bar suit in this Court, even if Plaintiffs believe their claims are of a constitutional nature. Pagonis v. United States, 575 F.3d 809, 813 (8th Cir. 2009).

The United States has not waived sovereign immunity. Accordingly, the Court lacks

---

[1] The AIA contains three limited exceptions; none of which are applicable here.

subject matter jurisdiction over Plaintiffs' claims against the United States/Agent Wallin. The motion to dismiss (Doc. #20) is **GRANTED**. Agent Wallin's motion to dismiss for insufficient service of process is rendered moot by the Court's dismissal on alternative grounds.

### 3.      Judge Ericksen's Motion to Dismiss/Motion for Summary Judgment

The Honorable Joan N. Ericksen, United States District Court Judge for the District of Minnesota, moves to dismiss the claims against her on the basis of judicial immunity. "A judge is entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)). The purpose for absolute immunity is to assure judges can perform their official duties without harassment or intimidation. Rockwood Bank v. Gaia, 170 F.3d 833, 838 (8th Cir. 1999).

There is no question that the acts and orders Plaintiffs complain about in this litigation were undertaken as part of Judge Ericksen's role as district court judge. The district court had jurisdiction to consider Plaintiffs' claims and found subject matter jurisdiction lacking. Thus, to the extent Plaintiffs have sued Judge Ericksen in her individual capacity, Plaintiffs have failed to state a claim for which relief could be granted because Judge Ericksen is protected by absolute immunity for performing her judicial functions. See Maness v. District Court of Logan County-Northern Div., 495 F.3d 943, 944 (8th Cir. 2007) (judge's acts that were judicial in nature protected by absolute immunity).

To the extent Plaintiffs have sued Judge Ericksen in her official capacity, the lawsuit is against the United States, which has not expressly waived its sovereign immunity in this circumstance. See Kentucky v. Graham, 473 U.S. 159, 166 (1985); Mitchell, 445 U.S. at 538.

4

Judge Ericksen's motion to dismiss is **GRANTED**, as to all potential claims against her. Judge Erickson's motion to dismiss for insufficient service of process is rendered moot by the Court's dismissal on alternative grounds.

4.     **Plaintiffs' Various Motions**

The Court has considered the motions filed by Plaintiffs and find they have been rendered moot by this Court's decision and not deserving of further consideration.

5.     **Future Filing Restrictions**

This is the second action filed by Plaintiffs seeking the same relief - relief that Plaintiffs have already been told is not actionable in this Court. Plaintiffs elected not to appeal to the Eighth Circuit Court of Appeals. In the previous action, the Court notified Plaintiffs that further submissions in the case will be returned by the Clerk of Court. To circumvent the order, Plaintiffs began a new lawsuit alleging similar claims and without curing any of the defects identified in the first action.

In light of the repetitive meritless filings, Plaintiffs are prohibited from submitting any new documents in this case (other than a Notice of Appeal). Any unauthorized subsequent filings shall be returned by the Clerk of Court. Additionally, Plaintiffs are barred from filing any new action in this District that pertains to the facts alleged in this case or in the previous case (Case No. 0:10-cv-4515), unless represented by counsel or granted pre-authorization to file a proposed complaint by a judge or magistrate judge of the District Court.

## CONCLUSION

The United States is substituted as a defendant in place of Richard A. Wallin. To the extent Plaintiffs allege claims against the Honorable Joan N. Ericksen in her official capacity, the

claims must be construed as against the United States. Because the United States has not waived sovereign immunity as to the alleged claims, this Court lacks subject matter jurisdiction and Defendant's motion to dismiss is **GRANTED**. The claims against the United States are hereby **DISMISSED without prejudice**.

With regard to any claims alleged against Judge Ericksen in her individual capacity, those claims are barred by the doctrine of absolute immunity. Defendant's motion to dismiss is **GRANTED** and the claims against Judge Ericksen in her individual capacity are hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 2 day of December, 2011.

/s/ Ralph R. Erickson
Ralph R. Erickson, Chief Judge
United States District Court
District of North Dakota